IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHONA CHRISTY                                                                                          PLAINTIFF

V.                                         Civil No. 1:10-cv-1040

ACHIEVERS OF LOUISIANA, INC.                                                            DEFENDANT

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant's Motion to Dismiss under Rule 12(b) for failure to state a claim upon which relief can be granted and failure to join an indispensable party. ECF No. 5. Plaintiff responded to this Motion. ECF No. 8. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background**

Plaintiff filed suit[1] on May 5, 2010, alleging Defendant breached a contract to repair her home following damage it sustained during a tornado in May 2008. On August 27, 2010, Defendant filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) and (7) alleging (1) the Complaint failed to state a claim upon which relief could be granted and (2) Plaintiff failed to name an indispensable party. ECF No. 5. Defendant specifically alleges Plaintiff failed to properly plead a breach of contract claim and further failed to include her former husband as an indispensable party to the litigation. Plaintiff

---

[1] This is a diversity case pursuant to 28 U.S.C. § 1332. The Complaint was originally filed in the Circuit Court of Ashley County, Arkansas. Defendant removed the case to this Court on June 3, 2010. ECF No. 1.

-1-

filed her Amended Complaint on September 10, 2010. ECF No. 9. The Amended Complaint included an attachment purporting to be an invoice which evidenced the alleged contract, and the claim that Plaintiff had paid the full amount of the invoice to the Defendant pursuant to the terms of the alleged contract. The other allegations of the Amended Complaint were the same as the original Complaint. The Court will consider the Motion to Dismiss as being applicable to the Amended Complaint.

**2. Discussion**

a. Failure to State a Claim upon Which Relief Can be Granted: Defendant claims Plaintiff has failed to state a claim upon which she can be granted relief. When considering a motion to dismiss for failure to state a claim, the Court must accept the plaintiff's allegations of fact as true and dismiss the complaint "only if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Yankton Sioux Tribe v. U.S. Dept. of Health and Human Services*, 533 F.3d 634, 643 (8th Cir. 2008). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There is no "probability" requirement however, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (citations omitted).

Federal Rule of Civil Procedure 8 requires a plaintiff to plead a "short and plain statement of the claim showing that the pleader is entitled to relief . . . " It is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Further, the court is entitled to draw a "reasonable inference" from the pleading which shows the pleader entitled to relief. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Ultimately, the

court must evaluate a complaint and rely on its judicial experience and common sense to determine if, when viewed as a whole, the complaint plausibly states a claim upon which the plaintiff could prevail. *See Iqbal,* 129 S.Ct. At 1950.

In this case, Plaintiff's Amended Complaint alleges a breach of contract. Plaintiff makes the following factual allegations in her complaint: (1) she is the owner of a home damaged by a storm; (2) she entered into a contract with the Defendant to "repair the damages to plaintiff's home"; (3) the contract contained specific provisions regarding the repairs to be made, including repairs to roof, metal shakes, siding, windows and facia; (4) in accordance with the terms of the contract, the Plaintiff paid Defendant $37,731.00 to effectuate the repairs; (5) the Defendant used unwarranted materials in the repairs; (6) the Defendant failed to properly install the new materials; (7) as a result of the use Defendant's failure to use proper materials and to properly install those materials Plaintiff's home has been damaged by water leaks; and (8) the damage to the home exceeds the jurisdictional limits of this court. Further, Plaintiff has attached an invoice to her Amended Complaint which substantially supports her claims of a contract between Plaintiff and Defendant. The invoice purports to show the work done by Defendants and the cost charged to Plaintiff. The Court accepts the foregoing facts as true for the purposes of this considering this Motion to Dismiss. *See Yankton Sioux Tribe*, 533 F.3d at 643.

Defendant asserts in its Motion to Dismiss that Plaintiff's Amended Complaint fails to state a claim for breach of contract. Defendant states the Amended Complaint "seems to allege that Achievers somehow badly performed its contractual duties. However it is still impossible to decipher (and Achievers should not be forced to do so at its peril) whether the gist of Plaintiff's Amended Complaint lies in contract or tort." ECF No. 11, Reply Brief in Support of Motion to Dismiss.

Defendant broadly says the Amended Complaint "does not recite any alleged terms of the contract." It is interesting to note that Defendant admits in its Answer (ECF No. 7) that it entered into a contract with Plaintiff but now claims it can't tell if Plaintiff alleged the existence of a contract or not. In paragraph 3 of its Answer, Defendant also admits the specific listed terms of the contract as alleged by the Plaintiff's Amended Complaint. ECF No. 7.

Even a cursory review of the Amended Complaint reveals that Plaintiff seeks relief for an alleged breach of contract. First, the Amended Complaint specifically states that the Plaintiff seeks relief for "breach of Contract." ECF No. 9, paragraph 6. Plaintiff also specifically alleges the terms of that contract, namely, that Plaintiff would pay Defendant the sum of $37, 731.00 in exchange for certain repairs to Plaintiff's home. ECF No. 9, paragraph 3. The type of repairs contemplated by the contract are alleged in the Amended Complaint. *Id.* The Plaintiff alleges the Defendant breached the contract in two different ways, first by using unwarranted materials in the repairs and second by improperly installing those materials during the repairs. ECF No. 9, paragraph 4. The Plaintiff alleges that as a result of the conduct of the Defendant, her home has been damaged. Taking these factual allegations as true, as the Court must, the Amended Complaint clearly states a claim for relief that is plausible on its face.[2] Defendant's Motion to Dismiss for Failure to State a Claim should be denied.

b. <u>Failure to join an indispensable party</u>: Defendant claims Plaintiff's case should be dismissed pursuant to Rule 12(b)(7) because she failed to join an indispensable party under Rule 19. Pursuant to Federal Rule of Civil Procedure 19, a nonparty is indispensable to an action if (1) the

---

[2]Defendant also argues there is no claim for negligence in the Amended Complaint. Further, Plaintiff in her response to motion to dismiss does not respond to the allegation that no claim in tort for negligence has been pled. The Court notes that the Amended Complaint sounds entirely in contract and makes no reference to a cause of action for negligence. This issue will not be addressed in this Report and Recommendation. In the event Plaintiff intends to assert a cause of action for negligence she should seek leave of Court to file an Amended Complaint.

nonparty is necessary; (2) <u>the nonparty cannot be joined</u>; and (3) the action cannot continue in equity and good conscience without the nonparty. *See U.S. ex rel. Steele v. Turn Key Gaming, Inc.*, 135 F.3d 1249, 1251 (8th Cir. 1998)(emphasis added). An "indispensable party" is one whose interests are so bound up in the subject-matter of the litigation and the relief sought that the court cannot proceed without them, or proceed to a final judgment without affecting their interests. *See Division 525, Order of Ry. Conductors of America v. Gorman*, 133 F.2d 273 (8th Cir. 1943). Further, although there is little in the Federal Rules which sets forth the manner in which a claim of indispensability is to be established, it seems clear that, at a minimum, a defendant must produce evidentiary materials from which a court could make the findings of fact on which the claim of failure to join is based. *See Dunlop v. Beloit College*, 411 F.Supp. 398, 400 (Wis. 1976).

Defendant misunderstands Rule 19. An "indispensable party" is a person who should be joined but cannot be joined for reasons such as venue or jurisdiction. *See* F.R.C.P. 19(b). *Ranger Transp., Inc. v. Wal-Mart Stores*, 903 F.2d 1185, 1186 n.2 (8th Cir. 1990) (Defendant moved to dismiss for failure to join indispensable party after the trial court's deadline for joinder had expired). In *Ranger Transportation, Inc.*, the defendant argued it was faced with risk of incurring double obligations because an indispensable party was absent. The Eighth Circuit held that the alleged "indispensable party" was within the venue and jurisdiction of the district court and could have easily been impleaded by the Defendant. *See id.*

In this case, Defendant has submitted no evidentiary materials such as depositions, affidavits, or documents to establish that the alleged co-owner is either a necessary party subject to joinder under Rule 19(a) or an indispensable party not subject to joinder under Rule 19(b). Only the assertions of Defendant's counsel even suggest the existence of an interested co-owner of the property which is the

subject of this litigation.  Defendant does not allege that Plaintiff's former spouse is outside the venue or jurisdiction of this Court.  Unless the alleged co-owner, actually owns an interest in the property at issue **and** is outside the venue and jurisdiction of this court, then at most he is a necessary party and can be joined by Defendant pursuant to Rule 19(a) and any possible prejudice to the Defendant is resolved.[3]  If Defendant believes Plaintiff's former spouse is a necessary party, Defendant should file the appropriate pleading to join this or any other necessary party.

Based upon the foregoing, this Court recommends that the Motion to Dismiss under Rule 12(b)(6)-(7) for failure to state a claim and failure to name an indispensable party (ECF No. 5) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 21st day of October, 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] Unlike Defendant's failure to submit any evidence of the ownership interest of Plaintiff's former spouse, Plaintiff asserts she is the sole owner of the property and submits a copy of the property settlement agreement from her divorce proceedings which purports to give her sole possession and ownership of the subject property.